IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SHARON GRAHAM,                                    3:11-CV-01339-BR

       Plaintiff,                              OPINION AND ORDER

v.

RECONTRUST COMPANY, N.A.; US
BANK NATIONAL ASSOCIATION,
SUCCESSOR TRUSTEE TO BANK OF
AMERICA BANK OF AMERICA, N.A.,
SUCCESSOR TRUSTEE TO LASALLE
BANK, N.A., AS TRUSTEE FOR THE
HOLDERS OF THE FIRST FRANKLIN
MORTGAGE LOAN TRUST, MORTGAGE
LOAN ASSET-BACKED CERTIFICATES,
SERIES 2006-FF18; BANK OF
AMERICA, NA; and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.,

       Defendants.

JOHN P. BOWLES
5200 S.W. Meadows Road
Suite 150
Lake Oswego, OR 97035
(503) 726-5930

       Attorney for Plaintiff

1 - OPINION AND ORDER

GREGORY A. CHAIMOV
P. ANDREW MCSTAY , JR.
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue
Suite 2300
Portland, OR 97201-5630
(503) 241-2300

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Motion (#4) to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

    This case was filed in Clackamas County Circuit Court on October 11, 2010, and was removed to this Court on November 8, 2011. Plaintiff seeks damages and declaratory relief allegedly arising from Defendants' pending foreclosure of her home.

    The facts are drawn from Plaintiff's state court Complaint and documents as to which the Court has taken judicial notice.

    In October 2006, Plaintiff and her now-deceased husband obtained a $264,170 loan, reflected by a promissory note, to finance the purchase of real property located in Estacada, Oregon. The purchase was secured by a Trust Deed recorded in

Clackamas County on October 20, 2006. The Trust Deed identified Plaintiff as grantor/borrower, First Franklin Mortgage Loan Trust as lender, Ticor Title Company as Trustee, and Defendant Mortgage Electronic Registration System (MERS) as beneficiary of the promissory note "acting solely as nominee for Lender and Lender's successors and assigns." Notice of Removal, Compl., Ex. 1 at 1.

On April 19, 2011, MERS assigned its beneficial interest in the Trust Deed to U.S. Bank. *Id.*, Ex. 2. On the same day, Defendant U.S. Bank executed an "Appointment of Successor Trustee," naming Defendant ReconTrust Company, N.A. (ReconTrust) as the "successor Trustee under [the Trust Deed], to have all the powers of said original trustee, effective immediately." *Id.*, Ex. 4 at 2.

On April 20, 2011, ReconTrust executed and recorded a Notice of Default and Election to Sell Plaintiff's property in Clackamas County on August 25, 2011. *Id.*, Ex. 3. The Notice of Default stated, among other things, that Plaintiff had failed to make any monthly mortgage payments since June 1, 2010. *Id.*, Ex. 3 at 1.

On April 22, 2011, both the Trust Deed Assignment and the Successor Trustee Appointment were recorded in Clackamas County. *Id.*, Ex. 2 at 1; Ex. 4.

On October 3, 2011, Plaintiff filed a Complaint in Clackamas County Circuit Court asserting the following claims against

3 - OPINION AND ORDER

ReconTrust, U.S. Bank National Association, Bank of America, and MERS:

(1) Wrongful Foreclosure based on a "defective appointment" of ReconTrust as Successor Trustee;

(2) Wrongful Foreclosure based on Defendants' failure to properly record all assignments of the trust deed in violation of Ore. Rev. Stat. 86.735(1);

(3) Wrongful Foreclosure based on "Invalid Ownership" and violations of state law relating to the assignment of mortgages;

(4) Fraud and Intentional Misrepresentation by Defendant Bank of America; and

(5) Intentional Infliction of Emotional Distress by Defendant ReconTrust.

Plaintiff seeks a Declaratory Judgment establishing her legal rights under the Trust Deed and other related documents.

Defendants move to dismiss Plaintiff's Complaint in its entirety on the ground "there is neither a legal nor a factual basis for the Court's providing Plaintiff with the windfall she seeks." Def. Mem. at 18.

## STANDARDS

1. **Motion to Dismiss - Failure to State a Claim**.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial

4 - OPINION AND ORDER

> plausibility when the plaintiff pleads factual
> content that allows the court to draw the
> reasonable inference that the defendant is
> liable for the misconduct alleged. The
> plausibility standard is not akin to a
> "probability requirement," but it asks for
> more than a sheer possibility that a
> defendant has acted unlawfully. Where a
> complaint pleads facts that are "merely
> consistent with" a defendant's liability, it
> "stops short of the line between possibility
> and plausibility of 'entitlement to relief'."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(internal citations omitted); See also Bell Atlantic v. Twombly, 550 U.S. 554, 555-56 (2007).

In Iqbal, the Supreme Court clarified the pleading standard necessary to survive a motion to dismiss:

> [T]he pleading standard Rule 8 announces does not
> require "detailed factual allegations," but it
> demands more than an unadorned, the-defendant-
> unlawfully-harmed-me accusation. A pleading that
> offers "labels and conclusions" or "a formulaic
> recitation of the elements of a cause of action
> will not do." Nor does a complaint suffice if it
> tenders "naked assertion[s]" devoid of "further
> factual enhancement."

129 S. Ct. at 1949 (internal citations omitted). "[A] complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" Hebbe v. Pliler, 627 F.3d 338, 341-342 (9th Cir. 2010).

"The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the

court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).

When "ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)). Similarly, the court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment motion. *Intri-Plex Technologies, Inc. v. Crest Gp., Inc.*, 499 F.3d at 1052.

2.  **Declaratory Judgment**

The Declaratory Judgment Act provides in relevant part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought." 28 U.S.C. § 2201(a). "The limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory-judgment context. Indeed, the case-or-controversy requirement is incorporated into the language of the very statute that authorizes federal courts to issue declaratory relief." *Gator.com Corp. V. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005). As the Supreme Court held in *MedImmune Inc. v. Genetech Inc.*:

> *Aetna* and the cases following it do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not. Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*, at 240-241, 57 S. Ct. 461. In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

549 U.S. 118, 127 (2007). The Supreme Court has emphasized the district court's "unique and substantial" discretion as to whether to issue declaratory judgments. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Court underscored "[i]f a

7  - OPINION AND ORDER

district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* at 288. "When there is no actual controversy, the court has no discretion to decide the case. When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary." *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991).

## DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint because not one of the claims alleged therein is supported by factual allegations and, in any event, all of them are contradicted by judicially noticeable documents and/or rely on alleged misinterpretations of settled principles of law.

1.  **Wrongful Foreclosure**.

Plaintiff seeks to bring three claims for wrongful foreclosure, alleging (1) U.S. Bank's appointment of ReconTrust as the successor trustee was defective; (2) a violation of ORS 86.735(1) in the assignment of the Trust Deed from MERS to U.S. Bank, and (3) even if the assignment from MERS to U.S. Bank was proper, a violation of provisions of a Pooling and Servicing Agreement (PSA) to which U.S. Bank was subject.

### a. Appointment of ReConTrust as Successor Trustee.

Plaintiff's first claim for wrongful foreclosure anticipates a finding by the Court that MERS was not lawfully named as the beneficiary under the Trust Deed because MERS did not provide consideration to the lender, First Franklin, in exchange for the beneficial interest. If the Court were to make such a finding, Plaintiff contends it would necessarily follow that MERS did not possess a valid interest in the Trust Deed which was capable of being assigned to U.S. Bank, and, consequently, U.S. Bank would not have authority to appoint ReconTrust as successor trustee and ReconTrust would not have authority to proceed with a foreclose sale.

In two recent cases, however, this Court held, on facts that are indistinguishable from those in this case, that MERS is a proper beneficiary under the Trust Deed and, therefore, was authorized in those cases to transfer the Trust Deed and the mortgage at issue in accordance with the express provisions of the Trust Deed. *See Sovereign v. Deutsche Bank*, No. 11-CV-995-BR, 2012 WL 724796 *7-8 (D. Or. Mar. 5, 2012); *Reeves v. ReconTrust Co., N.A.*, No. 11-CV-01278, 2012 WL 652681 *10-16 (D. Or. Feb. 28, 2012).

The Court finds no reason to revisit the rationale for its decisions in either of those cases. Applying the analysis in *Sovereign* and *Reeves* to the facts in this case, the Court

9 - OPINION AND ORDER

concludes that MERS properly assigned a valid beneficial interest it held in the Trust Deed to U.S. Bank, which, in turn, properly appointed ReconTrust as successor trustee for the purpose of conducting any foreclosure sale.[1]

---

[1] The Court notes a difference in analysis of these types of foreclosure issues has arisen among judges in the District of Oregon who have agreed to certify the issue and related issues to the Oregon Supreme Court in the following cases now pending in the District:

> *Mirarabshahi v. ReconTrust*, 12-cv -10-HA
> *Mayo/Plancarte v. ReconTrust*, 11-cv-1533-PK
> *Powell v. ReconTrust*, 11-cv- 1399-HZ
> *Brandrup v. ReconTrust*, 11-cv- 1390-JE

The questions submitted to the Oregon Supreme Court are:

1. May an entity such as MERS, that is neither a lender nor successor to a lender, be a "beneficiary" as that term is used in the Oregon Trust Deed Act?

2. May MERS be designated as beneficiary under the Oregon Trust Deed Act where the trust deed provides that MERS "holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS, as nominee for Lender and Lender's successors and assigns, has the right to exercise any or all of those interests"?

3. Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of non-judicial foreclosure proceedings under Or. Rev. Stat. § 86.735(1)?

4. Does the Oregon Trust Deed Act allow MERS to retain and transfer legal title to a trust deed as nominee for the lender, after the note secured by the trust deed is transferred from the lender to a successor or series of successors?

In the meantime, however, the Court has decided as a general rule not to stay further proceedings in cases in which these questions are pending.

10 - OPINION AND ORDER

### b. Recordation of the Trust Deed Assignment.

Plaintiff contends Defendants' initiation of foreclosure proceedings is improper because Defendants did not record the initial assignment of the Trust Deed from the lender, First Franklin, to MERS, in violation of Ore. Rev. Stat. 86.735(1). That statute allows the foreclosure of a trust deed if "[t]he [t]rust [d]eed [or] any assignments of the trust deed . . . are recorded. . . ." Plaintiff contends MERS' assignment of the underlying promissory note to the Trust Deed "constitutes a transfer of the [Trust Deed] and is an assignment of the [Trust Deed]" which, therefore, must be recorded. Compl. ¶ 48.

This Court, however, concluded in *Sovereign* and *Reeves* that the recording requirement set forth in the statute applies "only to transfers of a trust deed by the trustee or the beneficiary." *Sovereign*, 2012 WL 724796 at *9. It "does not regulate transfers of promissory notes, which are themselves negotiable instruments and not conveyances of real property." *Id*.

The Court adheres to its holdings in *Sovereign* and *Reeves* and, therefore, concludes Defendants' foreclosure proceedings were not improper solely because the promissory note to the Trust Deed was not recorded.

### c. Violation of a Pooling and Servicing Agreement.

Plaintiff's Third Claim for Relief is entitled "Wrongful Foreclosure - Invalid Ownership and Additional Violations of

11 - OPINION AND ORDER

Ore. Rev. Stat. 86.060 and 86.735(1)."

Plaintiff contends that the allegations in her Third Claim for Relief relating to a "Pooling and Servicing Agreement" (PSA) filed with the SEC "constitute *prima facie* evidence of multiple unrecorded assignments of the Deed of Trust" that are at issue in this case. As such, Plaintiff does not appear to be asserting a claim based on any violation of the Pooling Servicing Agreement itself.

In any event, the Court notes such a claim would be fruitless because a borrower such as Plaintiff does not have standing to assert a violation of a PSA to which she is not a party. *In re Canellas*, 6:11-CV-1247, 2012 WL 868772 *3 (M.D. Fla. Mar. 14, 2012); *Edwards v. Ocwen Loan Servicing, LLC*, 9:10-CV-89, 2012 WL 844396 *5 (E.D. Tex. Mar. 12, 2012); *Estate of Malloy v. PNC Bank*, No. 11-12922, 2012 WL 176143 *5 (Jan. 23, 2012).

### d. Inadequate Notice of Default.

Plaintiff also contends Recontrust's Notice of Default and Election to Sell is defective because the Notice was executed on April 20, 2011, while the appointment of the successor trustee who signed the Notice was not recorded until two days later on April 22, 2011. Accordingly, it appears the successor trustee executed the document before she had the authority to do so.

Plaintiff, however, does not assert this issue as part of

12 - OPINION AND ORDER

any claim in her Complaint. In any event, under Ore. Rev. Stat. 86.735(3), a Notice of Default is effective only after it has been recorded. Here, the successor trustee did not record the Notice until after he was appointment on April 22, 2011. In these circumstances, the Court concludes the successor trustee was properly appointed under Oregon law before he caused the Notice of Default to be recorded.

    e.  **Summary.**

For all of the reasons stated above, the Court concludes Plaintiff's First, Second, and Third Claims for Relief based on Wrongful Foreclosure do not state any plausible claims for relief.

2.  <u>Fraud/Intentional Infliction of Emotional Distress</u>.

In her Fourth and Fifth Claims, Plaintiff alleges fraud against Bank of America and intentional infliction of emotional distress against ReconTrust.

Plaintiff's allegations in each of these claims and the arguments she asserts in opposing their dismissal for failure to state a claim are materially identical to claims asserted by the plaintiff and rejected by the Court in *Reeves*. The Court does not see any reason to reach a different result given the substantial similarity in the facts in both cases.

Accordingly, the Court adheres to its rulings in *Reeves* and dismisses Plaintiff's claims for Fraud against Defendant Bank of

13- OPINION AND ORDER

America and for Intentional Infliction of Emotional Distress against Defendant ReconTrust, with leave to replead.

### 3. Declaratory Judgment.

In her Sixth Claim, Plaintiff seeks a declaration by the Court that the pending foreclosure proceedings are void because of serious questions that have arisen based on the allegations in her claims for Wrongful Foreclosure. For all the reasons stated above, the Court concludes there is no justiciable controversy as to the validity of the proposed foreclosure proceedings and, therefor, plaintiff has not established any grounds for declaratory relief.

Accordingly, the Court dismisses Plaintiff's claim for Declaratory Relief.

## CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion (#4) to Dismiss. Because the Court concludes Plaintiff has not stated a claim for Wrongful Foreclosure and cannot amend her Complaint to state such a claim under any of the theories espoused by Plaintiff, the Court **DISMISSES with prejudice** Plaintiff's First, Second, and Third Claims for Wrongful Foreclosure as pleaded.

The Court also **DISMISSES with prejudice** Plaintiff's Sixth Claim for Declaratory Relief to the extent that Claim is based on

14- OPINION AND ORDER

Plaintiff's Wrongful-Foreclosure Claims.

Because, however, Plaintiff may be able to amend her Complaint to plead facts sufficient to state claims for fraud and/or IIED, the Court **DISMISSES without prejudice** Plaintiff's Fourth Claim for Fraud and Fifth Claim for IIED.

The Court **GRANTS** Plaintiff leave to file an Amended Complaint no later than **April 13, 2012**, in order to cure the deficiencies set forth in this Opinion and Order as to Plaintiff's Fourth Claim for Fraud and Fifth Claim for IIED.

IT IS SO ORDERED.

DATED this 27th day of March, 2012.

_____
ANNA J. BROWN
United States District Judge